[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-15660

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 17, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00015-CV-HL-7

CURTIS WRIGHT, SR.,
WANDA DENISE BOSTON,

Plaintiffs-Appellants,

versus

CHET POWELL,
State Park Ranger,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(October 17, 2008)**

Before BLACK, PRYOR and COX, Circuit Judges.

PER CURIAM:

After review of the record and oral argument, we affirm the district court's grant of summary judgment in favor of defendant-appellee State Park Ranger Chet Powell in this 42 U.S.C. § 1983 action for the reasons stated in the district court's thorough and well-reasoned order dated November 2, 2007.

The Appellants are the parents of Curtis Wright, Jr., and bring this § 1983 action for the fatal shooting of their son. On appeal, Appellants stress that at the time Powell encountered their son, Powell suspected Wright of only a misdemeanor offense. However, as the district court noted, this is just one factor to evaluate in considering whether the amount of force used was reasonable. More important in this case are the following undisputed facts: At the time Powell fired his gun, Wright had repeatedly and actively resisted arrest, failed to be deterred by pepper spray or Powell's verbal warnings and drawing of his gun, had hit Powell with his car while trying to flee, and was attempting to gain control of Powell's gun.

Thus, even when viewed in the light most favorable to Appellants, the undisputed evidence shows that Powell had probable cause to believe that Wright posed a threat of serious physical harm to Powell and to others in the vicinity and that, in light of the circumstances confronting Powell, his use of deadly force was objectively reasonable. While the fatal shooting of Wright is no doubt

2

unfortunate, we emphasize, as the district court did, that we are loath to second-guess the decisions of police officers[1] such as Powell in this case who are "'forced to make split-second judgments–in circumstances that are tense, uncertain, and rapidly evolving–about the amount of force that is necessary in a particular situation.'" *Long v. Slaton*, 508 F.3d 576, 580 (11th Cir. 2007) (quoting *Graham v. Connor*, 490 U.S. 386, 397, 109 S. Ct. 1865, 1872 (1989)).

Appellants also argue the district court abused its discretion in denying their motion for voluntary dismissal without prejudice. Appellants attempted to dismiss their claim after the close of discovery, including a discovery extension of six months, and after Powell had filed his motion for summary judgment. The district court held a hearing and denied the voluntary dismissal, but allowed Appellants additional time for discovery and additional time in which to respond to Powell's summary judgment. Under these circumstances, we cannot say the district court abused its discretion in denying the motion for voluntary dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

**AFFIRMED.**

---

[1] Powell was employed as a conservation ranger. The Georgia Department of Natural Resources has a unit of peace officers known as "conservation rangers." O.C.G.A. § 27-1-16. "[C]onservation rangers shall have all the powers previously vested in any other law enforcement officers within the department including . . . [t]o exercise the full authority of peace officers while in the performance of their duties." O.C.G.A. § 27-1-20(a)(10).